UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X  **NOT FOR PUBLICATION**
GUGLIELMO R. SCIABICA,

                        Plaintiff,         **MEMORANDUM OF**
                                                  **DECISION AND ORDER**
  -against-                                    16-CV-2623 (LDH) (JO)

MYTLE MENS SHELTER, STAFF,
MAINTENANCE & CLIENT (Report Pending),
79th PCT, BKLYN; SUPERVISOR OF
OPERATIONS, DAVID MANTENCE,
SHELTER & CITY OF NEW YORK,

                        Defendants.
----------------------------------------------------------------X
LaSHANN DeARCY HALL, United States District Judge:

On May 2, 2016, plaintiff Guglielmo R. Sciabica, appearing *pro se*, filed this action in the United States District Court for the Southern District of New York ("SDNY"). By Order dated May 9, 2016,[1] the action was transferred to this Court. The Court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order and dismisses the complaint with leave to amend as set forth below.

## BACKGROUND

Plaintiff's complaint is sparse. He alleges that on May 1 and April 20, 2016, while at the Myrtle Men's Shelter in Brooklyn, he was subjected to "grand larceny, dispossion [sic] and assault" as well as identity theft. (Compl., ECF No. 2, at 3.[2]) He seeks a "criminal prosecution" and $4 million in cash. (*Id.* at 4.)

## STANDARD OF REVIEW

---

[1] Despite the date of the SDNY Order, this Court did not receive the action and the attendant transfer order until May 24, 2016.

[2] The Court refers to the pagination assigned by the Electronic Case Filing ("ECF") system and not the document's internal page numbers.

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citations omitted). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and a court should interpret it raising the strongest arguments it suggests. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-92 (2d Cir. 2008). Furthermore, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Additionally, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *See Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "federal-question" jurisdiction, and § 1332 provides for "diversity of citizenship" jurisdiction.

2

A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *See* § 1331. A plaintiff invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship where the amount in controversy exceeds the required jurisdictional amount, which is currently $75,000. *See* § 1332(a); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Where subject matter jurisdiction is lacking, dismissal of the action is mandatory. *Id.* at 583-84; *see also* Fed. R. Civ. P. 12(h)(3).

Here, plaintiff alleges the existence of the Court's federal question jurisdiction but the facts as presented do not suggest any basis for such jurisdiction. Instead, plaintiff alleges that he was assaulted and that his property was stolen while residing at the Myrtle Men's Shelter, presumably by another client or resident of the shelter. Plaintiff also sues the shelter, shelter employees and the 79th Police Precinct, but does not state any facts against these defendants. Plaintiff's allegations, as currently presented, do not rise to the level of a federal question. Rather, plaintiff's complaint, alleging grand larceny, assault and identity theft, appears to implicate state criminal law,[3] not federal law. As such, the Court is obligated to dismiss plaintiff's complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[3] "Criminal prosecutions are within the exclusive province of the public prosecutor who has complete discretion over the decision to initiate, continue or cease prosecution." *Yashaahla v. M.H.A.N.Y*, No. 05-CV–4963, 2006 WL 845586, at *1 (E.D.N.Y. Mar. 29, 2006) (citations omitted). A private citizen does not have a "judicially cognizable interest in the prosecution or nonprosecution of another." *Leeke v. Timmerman*, 454 U.S. 83, 86 (1981) (quoting

Even if the Court were to construe plaintiff's complaint as alleging the violation of his civil rights, pursuant to 42 U.S.C. § 1983, such a claim would fail because § 1983 requires state action. *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) ("[A] litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." (quoting *Flagg v. Yonkers Savings & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005)). Here, the Myrtle Men's Shelter, a housing program run by Samaritan Village Incorporated (*see* "Where Good Lives," http://samaritanvillage.org, (last visited May 25, 2016)), and its employees, are private parties who do not work for any state or other government body, therefore, plaintiff cannot pursue a claim of unlawful state action under § 1983.

To the extent plaintiff names the 79th Police Precinct, he cannot sue the police precinct under § 1983. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396. The 79th Police Precinct is a division of the New York City Police Department, therefore, the 79th Police Precinct is not an entity against which suit may be brought. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (finding "[t]he district court correctly noted that the NYPD is a non-suable agency of the City") (citation omitted); *Wingate v. New York City*, No. 08-CV-217, 2008 WL 203313, at *2 (E.D.N.Y. Jan. 23, 2008) (finding police precinct was not a suable entity).

---

*Linda R.S. v. Richard D*., 410 U.S. 614 (1973)); *see also Ostrowski v. Mehltretter,* 20 F. App'x. 87, 91 (2d Cir. 2001).

**CONCLUSION**

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and in the alternative, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

However, in an abundance of caution and in light of plaintiff's *pro se* status, the Court grants plaintiff leave to file an amended complaint within 30 days from the entry of this Memorandum and Order.

If plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 16-CV-2623 (LDH) (JO). The amended complaint must state the basis for the Court's jurisdiction and must set forth factual allegations to support plaintiff's claim(s) against each named defendant. Conclusory allegations of wrongdoing are not enough. Finally, plaintiff must name the individuals who were personally responsible as defendants. If plaintiff cannot identify the defendants at this time, he may designate these individuals as John/Jane Doe and provide the address and place of employment for each defendant named in the amended complaint.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint.

If plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot comply, judgment dismissing this action shall be entered. If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B). All further proceedings shall be stayed for 30 days.

The Clerk of Court shall send to plaintiff a general complaint form and instructions along with a copy of this Memorandum and Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

__S/LDH_____
LASHANN DEARCY HALL
United States District Judge
Eastern District of New York

Dated: Brooklyn, New York
      June 10, 2016