UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   **NOT FOR PUBLICATION**

GUGLIELMO R. SCIABICA,

                       Plaintiff,   **MEMORANDUM OF DECISION AND ORDER**

    -against-   16-CV-2623 (LDH) (JO)

MYRTLE MENS SHELTER, SUPERVISOR OF
OPERATIONS (DAVID), SHELTER and
CITY OF NEW YORK,

                       Defendants.
-----------------------------------------------------------------X
LaSHANN DeARCY HALL, United States District Judge:

      On May 2, 2016, plaintiff Guglielmo R. Sciabica, appearing *pro se*, filed this action in the United States District Court for the Southern District of New York. On May 24, 2016, the action was transferred to this Court. By Order dated June 10, 2016, the Court granted plaintiff's request to proceed *in forma pauperis* and dismissed the complaint with leave to amend. On June 24, 2016, plaintiff filed an amended complaint. The amended complaint is dismissed as set forth below.

## BACKGROUND

      Plaintiff's initial complaint was sparse and the amended complaint is substantially the same. (*See* Am. Compl., ECF No. 7, at 5; *see also* Compl., ECF No. 2, at 3.[1]) Plaintiff alleges that on April 20, and May 1, 2016, "and again in June" his medications and property were stolen from his lockers by staff at the Myrtle Men's Shelter in Brooklyn where he resides. (*See* Am. Compl. 5; *see also* Compl. 3.)

---

[1] The Court refers to the pagination assigned by the Electronic Case Filing ("ECF") system and not the document's internal page numbers.

1

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that [it] suggest[s]," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Furthermore, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Additionally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

The Court previously determined that plaintiff's conclusory statements of "grand larceny, dispossion [sic] and assault" did not invoke the Court's subject matter jurisdiction and appeared to implicate state criminal law, not federal law. (*See* June 10, 2016 Mem. & Order, ECF No. 6.) However, in an abundance of caution, the Court permitted plaintiff to file an amended complaint

in order to state a basis for the Court's subject matter jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332. (*Id.* at 5.)

Similar to plaintiff's original complaint, the amended complaint does not state facts that would give rise to either federal question (§ 1331) or diversity jurisdiction (§ 1332). A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, which is currently $75,000. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008) (internal citation and quotation marks omitted).

Even under the most liberal construction and having provided plaintiff with an opportunity to amend, plaintiff has not met his burden to show that the Court has jurisdiction over his claim that his personal property was stolen while residing at the Myrtle Men's Shelter, a housing program run by Samaritan Village, Incorporated (*see* "Where Good Lives," http://samaritanvillage.org (last visited Aug. 21, 2016). As such, the Court is obligated to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

Accordingly, the action, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28

U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment dismissing this action.

SO ORDERED.

 /s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
August 22, 2016